IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

**WAYNE MCPHERSON,**

        **Petitioner,**

v.                                                                                             **Case No. 1:23-cv-00057**

**R. S. MUTTER, Superintendent
Stevens Correctional Center,**

        **Respondent.**

### PROPOSED FINDINGS AND RECOMMENDATIONS

Petitioner Wayne McPherson filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 2). Pending before the Court are Petitioner's Motion to Waive State Court Proceedings, (ECF No. 3); Respondent's Motion to Dismiss, or in the alternative, Motion for Judgment on the Pleadings, (ECF No. 6); and Respondent's Supplemental Motion to Dismiss, (ECF No. 9). This case is assigned to the Honorable David A. Faber, United States District Judge, and by standing order was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the following reasons, the undersigned respectfully **RECOMMENDS** that the presiding District Judge **DENY** McPherson's Petition for Writ of Habeas Corpus and Motion to Waive State Court Proceedings, (ECF Nos. 2, 3); **GRANT** Respondent's Motion to Dismiss, or in the alternative, Motion for Judgment on the Pleadings and Supplemental Motion to Dismiss, (ECF No. 6, 9), and **DISMISS**

1

and **REMOVE** this case from the docket of this Court.

I. <u>**Relevant History**</u>

Wayne McPherson is a West Virginia state prisoner currently housed at Stevens Correctional Center in Welch, West Virginia. (ECF No. 2 at 1). He filed this federal habeas petition on January 20, 2023, alleging that he is being held in custody in violation of the Fourteenth Amendment. According to McPherson, he was granted parole in September 2022, but has yet to be released, because he has no residence in place, and the West Virginia Division of Corrections and Rehabilitation ("DCR") refuses to find him suitable housing. (*Id.* at 2, 6). He claims other inmates at Stevens Correctional Center and in other West Virginia prisons are in the same position and are suffering the same constitutional violation. (*Id.* at 6). McPherson requests immediate release from custody, for himself and the other inmates who have been granted parole, but have not yet been released. (*Id.* at 7). He also requests the Court to impose a fine of $100.00 for each day that every inmate continues to be illegally detained. (*Id.*). McPherson alleges that he has a habeas petition pending in the Supreme Court of Appeals of West Virginia ("WVSC"), which was sent to the WVSC Clerk's Office on November 18, 2022, and he attaches a copy of that state petition to the instant federal petition. (ECF Nos. 2 at 5, 6-2 at 1). He claims, however, that the WVSC has failed to take any action on the petition, noting that he has not received a stamped copy of the petition or a scheduling order, and the petition has not been assigned a docket number. (ECF No. 2 at 5; ECF No. 3 at 4).

Alongside his petition, McPherson, purportedly joined by at least one other state prisoner who alleges the same constitutional violation, filed a Motion to Waive State

Proceedings. (ECF No. 3).[1] McPherson argues that, by filing the petition with the WVSC, he has already made a good faith effort to exhaust his state court remedies, and the state's process has been ineffective in protecting his rights. (*Id.* at 1, 4). McPherson requests this Court to grant the motion and waive the exhaustion requirement, "compel the [WVSC] for their immediate release," order their immediate release, and appoint counsel to represent them if necessary. (*Id.* at 4–5). Alternatively, if the Court denies McPherson's motion to waive, he requests the Court to issue a stay and abeyance while he exhausts his claim in the state courts.

On March 3, 2023, Respondent filed a motion to dismiss, or in the alternative, a motion for judgment on the pleadings, pursuant to Federal Rule of Civil Procedure 12(b)(6) and 12(c), respectively, (ECF No. 6), and an accompanying memorandum of law. (ECF No. 7). Attached to the motion to dismiss are a printed search result of the WVSC's electronic filing database and a copy of McPherson's state petition, which McPherson mailed to the Office of the West Virginia Attorney General. (ECF Nos. 6-1, 6-2). The electronic filing database shows no record of any petition filed by McPherson with the WVSC as of March 1, 2023. (ECF No. 6-1). Respondent argues that the database printout confirms McPherson's own admission that he has not exhausted his state court remedies. Indeed, the printout establishes that McPherson has not even initiated state court remedies, because his petition was never properly filed with the WVSC. Therefore, the instant federal petition should be summarily dismissed. (ECF No. 7 at 2). Respondent further argues that McPherson's federal petition is clearly

---

[1] McPherson added "Jay Bryant, et.al." to the case caption in this motion to waive, referred to "Petitioners", plural, throughout the motion, and included Bryant's signature and inmate number in the signature block. (ECF No. 3 at 1, 5). However, no petitioner besides McPherson has been properly joined in this Petition, as discussed below. Accordingly, the motion is referred to as McPherson's alone.

3

without merit anyway, as inmates have no constitutional right to be released on parole. Furthermore, under W. Va. Code § 62-12-13, before an inmate may receive the benefit of release on parole, he is required to have a DCR-approved home plan in place. (*Id.* at 7). Since McPherson has not satisfied that condition precedent, he is not qualified for parole under West Virginia law. Respondent subsequently filed a Supplemental Motion to Dismiss, primarily to explain that McPherson cannot seek monetary relief in a habeas action. (ECF No. 9 at 2). McPherson was given an opportunity to reply to Respondent's motion to dismiss or for judgment on the pleadings, (ECF Nos. 8, 10), but he chose not to do so.

## II.  Standard of Review

Respondent has moved to dismiss the petition under Rule 12(b)(6), or in the alternative, moved for judgment on the pleadings pursuant to Rule 12(c). (ECF No. 6). The standards of review for both motions are identical. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). The only difference between the two motions is the record available for review by the Court; while a Rule 12(b)(6) motion to dismiss is focused primarily on the petition, the Court may also consider the answer to the petition on a 12(c) motion for judgment on the pleadings. *Mendenhall v. Hanesbrands, Inc.*, 856 F. Supp. 2d 717, 724 (M.D.N.C. 2012). When deciding either motion, the court must accept all well-pleaded allegations of the petition as true and "draw all reasonable factual inferences" in favor of the petitioner. *See Massey v. Ojaniit*, 759 F.3d 343, 353 (4th Cir. 2014); *Wolfe v. Johnson*, 565 F.3d 140, 169 (4th Cir. 2009). Nonetheless, the court is "not obliged to accept allegations that 'represent unwarranted inferences, unreasonable conclusions, or arguments,' or that 'contradict matters properly subject to judicial notice or by exhibit.'" *Massey*, 759 F.3d at 353 (quoting *Blankenship v.*

4

*Manchin*, 471 F.3d 523, 529 (4th Cir. 2006)). The court must consider "the face of the petition and any attached exhibits." *Walker*, 589 F.3d at 139 (quoting *Wolfe*, 565 F.3d at 169) (internal markings omitted). In addition, the court may consider "matters of public record," including documents from prior or pending court proceedings, when resolving the motion, without converting it into a motion for summary judgment. *Id.* The Court "may also consider documents attached to the [petition] ... as well as those attached to the motion to dismiss, so long as they are integral to the [petition] and authentic." *Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

Courts are required to liberally construe *pro se* petitions. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007). However, even under this less stringent standard, the pleading still must contain sufficient factual allegations to support a valid legal cause of action. *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003). The Court may not rewrite the pleading to include claims that were never presented, *Parker v. Champion*, 148 F.3d 1219, 1222 (10th Cir. 1998), construct the petitioner's legal arguments for him, *Small v. Endicott,* 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court. *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. Discussion

#### A. Standing and Monetary Relief

As an initial matter, McPherson cannot assert constitutional claims on behalf of other prisoners, and he cannot seek monetary relief through a habeas petition. McPherson listed himself as the sole petitioner. (ECF No. 2 at 1). However, his petition asserts constitutional violations against other inmates and seeks relief on behalf of those inmates, and his motion to waive state proceedings includes another prisoner in

5

the case caption and signature block. (ECF Nos. 2 at 6, 3 at 1, 5). To bring a case in federal court, a party must have standing to sue, *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (explaining the concept of standing and separation of powers), and, as the sole habeas petitioner, McPherson does not have standing to file for habeas relief on behalf of other prisoners. *Inmates v. Sheriff Owens*, 561 F.2d 560, 562–63 (4th Cir. 1977) (holding one inmate does not have standing to sue on behalf of another inmate); *Hummer v. Dalton*, 657 F.2d 621, 625–26 (4th Cir. 1981) (stating a prisoner cannot act as a "knight-errant" for others). The other petitioners listed on the motion to waive, "Jay Bryant, et. al.", have not formally been added to this federal habeas action.[2] To the extent McPherson asserts constitutional violations on behalf of other prisoners, the undersigned **FINDS** that those claims must be dismissed for lack of standing.

McPherson's petition also requests relief in the form of a $100.00 per-day per-inmate fine against the Respondent. (ECF No. 2 at 7). However, monetary relief is not available through a habeas petition. *Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973) ("In the case of a damages claim, habeas corpus is not an appropriate or available federal remedy,"); *Barela v. Martin*, 830 F. App'x 252, 255 (10th Cir. 2020) ("The remedy of habeas corpus ordinarily serves to require release from illegal confinement, attack future confinement, or shorten the existing confinement. [… Compensatory and punitive damages] are remedies available in a civil rights suit but not in a habeas action."); *McKinney-Bey v. Hawk-Sawyer*, 69 F. App'x 113, 113 (4th Cir. 2003) ("[A]n

---

[2] Nor could they be joined in this petition. *Odom v. Al Cannon*, No. 517CV03022RMGKDW, 2018 WL 580669, at *3 n.1 (D.S.C., Jan. 2, 2018), *report and recommendation adopted sub nom. Odom v. Cannon*, No. 5:17-CV-3022, 2018 WL 581042 (D.S.C., Jan. 25, 2018) (explaining that, generally, multiple petitioners cannot file a single habeas petition); *Rouse v. Michigan*, No. 2:17-CV-12276, 2017 WL 3394753, at *1 (E.D. Mich., Aug. 8, 2017) ("A joint habeas petition involving several petitioners is improper because none of the petitioners has any interest in the illegal restraint of the other petitioners") (citing *In re Kosopud*, 272 F. 330, 332 (N.D. Ohio 1920)).

action for monetary damages is properly pursued by way of a civil rights action."); *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976) ("[The] sole function [of habeas corpus] is to grant relief from unlawful imprisonment or custody and it cannot be used properly for any other purpose.'"). Accordingly, the undersigned **FINDS** that McPherson's claim for the Respondents to be fined must be dismissed.

## B. Exhaustion and Stay and Abeyance

Because it is relevant to the issue of exhaustion and to the stay-and-abeyance question, it should be noted that McPherson's petition must be brought under 28 U.S.C. § 2254, not § 2241. Although McPherson is challenging the execution of his sentence and not the underlying conviction, § 2254 "does not limit itself to challenges to the state conviction and sentence." *McLean v. Smith*, 193 F. Supp. 2d 867, 870 (M.D.N.C. 2002). The Fourth Circuit has indicated that all federal habeas petitions brought by convicted state prisoners should be construed as § 2254 petitions and are subject to the various limitations that apply to § 2254. *In re Wright*, 826 F.3d 774, 779 (4th Cir. 2016) ("[F]ederal habeas petitions of prisoners who are 'in custody pursuant to the judgment of a State court' should be treated as 'applications under section 2254' for purposes of § 2244(b), even if they challenge the execution of a state sentence."); *Wade v. Robinson*, 327 F.3d 328, 331 (4th Cir. 2003) ("Thus, any 'person in custody pursuant to the judgment of a State court' and who brings an application for a writ of habeas corpus, is subject to the '1–year period of limitation.'"). Accordingly, McPherson's petition challenging the execution of his sentence must be construed as a § 2254 petition.

The primary fault with McPherson's petition is that he did not exhaust state remedies. A district court may not consider a federal habeas petition by a state prisoner

unless the issues have been exhausted, meaning that the state court has had one full and fair opportunity to rule on the petitioner's claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Picard v. Connor*, 404 U.S. 270, 275 (1971). While the exhaustion requirement is not inexorable, "the Supreme Court has encouraged a 'rigorously enforced total exhaustion rule' to 'protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings' and to facilitate more comprehensive development of factual records before they are presented to the federal courts for review." *Plymail v. Mirandy*, No. CV 3:14-6201, 2017 WL 4280676, at *7 (S.D.W. Va. Sept. 27, 2017) (quoting *Rose*, 455 U.S. at 518–19).

McPherson filed a motion to waive state court proceedings, effectively acknowledging that he has not exhausted his state court remedies, but asserting that the state corrective process has been "ineffective to protect [his] rights." (ECF No. 3 at 1). He claims the state corrective process is ineffective, because the WVSC has not acted on his state habeas petition. (*Id.*). Presumably, McPherson is invoking 28 U.S.C. § 2254 (b)(1)(B)(ii), which provides that a petitioner may not be required to exhaust state court remedies if "circumstances exist that render such process ineffective to protect the rights of the applicant." The statutory exceptions to exhaustion apply "only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981). Clearly, West Virginia's judicial system supplies McPherson with a corrective process to redress his claims. Therefore, he is only entitled to an exception from exhaustion if he can demonstrate deficiency and futility; such as, inordinate delay which is not at all attributable to McPherson's own actions. *Goss v. Williams*, No. 2:18-CV-2938-BHH-MGB, 2019 WL 7900173, at *4 (D.S.C. June 19, 2019), *report and*

8

*recommendation adopted,* No. CV 2:18-2938-BHH, 2020 WL 502635 (D.S.C. Jan. 31, 2020). A court should only find that a state court's delay in deciding a matter has risen to the level of inordinate delay in "extreme cases." *See Brennan v. McGraw*, No. 2:12-CV-01306, 2012 WL 3656487, at *3 (S.D.W. Va. Aug. 24, 2012).

There are cases in which a state court has delayed ruling on a properly filed habeas petition for so many months or years that the federal court will not require the petitioner to exhaust claims in state court. *See, e.g., Ward v. Freeman*, 46 F.3d 1129, at *1 (4th Cir. 1995) (unpublished table decision) (holding, "state remedies may be rendered ineffective by inordinate delay or inaction in state proceedings" and finding that a fifteen year delay in state habeas proceedings warranted an exception to the exhaustion requirement); *Mathis v. Hood*, 851 F.2d 612 (2d Cir. 1988) (six year delay in state habeas proceedings excused failure to exhaust); *Burkett v. Cunningham*, 826 F.2d 1208 (3d Cir. 1987) (five year delay in state proceedings excused failure to exhaust). But, in McPherson's case, the WVSC is not failing to act on his petition. To the state court's knowledge, McPherson's petition does not exist, because, through some error, it apparently was not filed and thus has not been docketed. (*See* ECF No. 6-1 at 1). The record before this Court is silent as to whether the filing error was made by McPherson, by the Clerk of the WVSC, or by someone else, but presumably, McPherson can remedy the error by simply contacting the WVSC Clerk and resubmitting the petition if necessary. McPherson has been aware of the problem with his state petition since Respondent first alerted him to the absence of a docketed petition in early March 2023. As McPherson could have already corrected the error and started the state review process, the undersigned **FINDS** that McPherson's failure to exhaust his state court remedies should not be excused and the exhaustion

requirement should not be waived, as McPherson may be still heard in state court when his petition is properly filed.

Generally, a federal habeas petition with only unexhausted claims should be dismissed without prejudice. *See Preiser v. Rodriguez*, 411 U.S. 475, 477 (1973). McPherson requests this Court issue a stay and abeyance of the instant petition, to permit him to exhaust his state remedies. While it is more common for district courts to stay and abey mixed habeas petitions, in which a petitioner has presented both exhausted and unexhausted claims, *see Rhines v. Weber*, 544 U.S. 269, 275 (2005), the procedure may be applied to wholly unexhausted petitions. *See Pace v. DiGuglielmo,* 544 U.S. 408, 416 (2005); *Hyman v. Keller*, No. 10-6652, 2011 WL 3489092, at *11 (4th Cir., Aug. 10, 2011) ("The stay and abeyance procedure was recommended by the *Pace* Court without any discussion of whether the habeas petitioner was pursuing a mixed § 2254 petition. To the contrary, the *Pace* decision appears to authorize use of the stay and abeyance procedure under any circumstances that could warrant a state court resolution of a prisoner's claims."). However, a stay and abeyance is only appropriate in limited circumstances in which the district court determines that "the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines*, 544 U.S. at 277-78.

*Rhines* did not provide clear guidance for what constitutes "good cause" for failure to exhaust, but courts typically find that a petitioner has good cause for failure to exhaust state remedies when filing what some courts have called a "protective" petition, described in *Pace*. *See Pace,* 544 U.S. at 416. A "protective" petition is a federal petition filed to prevent accidental expiration of the one-year time limit imposed by

10

§ 2244(d). *See id.* Because the one-year time limit is only tolled by "properly filed" state collateral proceedings, § 28 U.S.C. § 2244(d)(2), a petitioner who makes a good faith effort to exhaust state court remedies may later find that his state petition was not properly filed and that the one-year period to file a federal petition has expired, leaving him with no recourse. *See id.* Following this idea of a "protective" petition, courts are more likely to stay and abey petitions that are drawing close to the one-year time limit. *See Rhines*, 544 U.S. at 275 (noting, "if a district court dismisses a mixed petition close to the end of the 1-year period, the petitioner's chances of exhausting his claims in state court and refiling his petition in federal court before the limitations period runs are slim."); *Norwood v. Ames*, No. CV 5:22-00339, 2023 WL 483671, at *5 (S.D.W. Va. Jan. 4, 2023), report and recommendation adopted, No. 5:22-CV-339, 2023 WL 425148 (S.D.W. Va. Jan. 26, 2023) (declining to stay and abey petition where one-year limitation period had not started to run); *Jones v. Carl*, 605 F. Supp. 3d 1012, 1019 (E.D. Mich. 2022) (declining to stay and abey petition with 11 months remaining on limitations period).

As the one-year time limit is key to deciding whether to stay and abey a petition, the Court must determine the amount of time remaining on McPherson's petition and the applicable start date. Although the text of § 2244(d) would most naturally apply to petitions challenging the underlying conviction, other courts faced with applying § 2244(d) to petitions challenging the execution of a sentence have utilized § 2244(d)(1)(D): the date on which the factual predicate for the claim could have been discovered through due diligence. *Wade v. Robinson*, 327 F.3d 328, 333 (4th Cir. 2003) (holding that § 2244(d)(1)(D) applied to petition challenging the revocation of parole, with the start date being the date on which the parole revocation became final);

11

*Lockett v. Clark*, No. 3:16CV435, 2017 WL 4081375, at *2 n.4 (E.D. Va., Sept. 14, 2017); *Childs v. Johnson*, No. 3:09CV793, 2010 WL 5186757, at *3 (E.D. Va., Dec. 10, 2010). Applying § 2244(d)(1)(D) to McPherson's petition, it is not obvious from the record when McPherson discovered, or could have discovered, that he was not going to be released on parole without a home plan. For the purposes of deciding whether to issue a stay and abeyance, the court only needs to know the earliest possible start date for the limitation period, which would determine the shortest possible time remaining to refile. At the earliest, he could have discovered his claim as soon as parole was granted, when he did not yet have a home plan, because state law dictates that he would not be released until he had an approved home plan. W. Va. Code § 62-12-13(b)(3). This would start the running of the one-year limitations period on September 2, 2022, the day after McPherson was granted parole.[3] The limitations period has run continuously since then unless it was tolled by the proper filing of a state habeas petition. The state habeas petition McPherson attached to his federal petition did not toll the limitations period because, as previously stated, it was not properly filed. Furthermore, this federal petition did not toll the period, because only *state* petitions can stop the limitations period from running. *Duncan v. Walker*, 533 U.S. 167 (2001) (holding, a federal habeas petition does not toll the § 2244(d) limitation period). Nonetheless, assuming that the period has not been tolled, if this petition were dismissed today, McPherson would still

---

[3] This may not be the start date for the limitations period, considering that McPherson states in his petition that the DCR has refused to help him find housing. (ECF No. 2 at 6). McPherson may have reasonably believed at the time he was granted parole that the DCR would expeditiously help him find housing, and there may be some event not in the record that triggered McPherson's discovery that he would not be assisted in developing a home plan and would not be released. Clearly, McPherson discovered the factual predicate for his claim before November 18, 2022, when he attempted to file the state petition, but he may not have been able to discover the factual predicate until some time after September 1, 2022.

12

have nearly four months, at a minimum, to file another federal petition after exhausting his state remedies. Moreover, if McPherson has already corrected the error with his state habeas petition by resubmitting a new state petition, then the one-year period was tolled at the time the state petition was properly filed, rendering the need for a stay and abeyance moot.

Other courts have determined that a stay and abeyance would not be appropriate with so much time remaining in the limitations period. *Hull v. Macauley*, No. 22-11051, 2022 WL 16827572, (E.D. Mich., Oct. 5, 2022) (declining to stay and abey petition with four and a half months remaining on limitations period); *Landeck v. Pruett*, No. 3:14CV89, 2015 WL 364582 (E.D. Va., Jan. 5, 2015) (declining to stay and abey petition with three months remaining on limitations period); *Brown v. Curtin*, No. 09-14850, 2010 WL 3952846, at *2 (E.D. Mich., Oct. 7, 2010) (declining to stay and abey petition with more than three months remaining); *Brooks v. Conway*, No. 10 CIV. 3872 RJH AJP, 2010 WL 2381048 (S.D.N.Y., June 14, 2010), *report and recommendation adopted,* No. 10 CIV. 3872 RJH AJP, 2010 WL 2911778 (S.D.N.Y., July 23, 2010) (declining to stay and abey petition with four months remaining); *Bianco v. Riverfront State Prison*, No. CIV.A. 08-0606JAG, 2008 WL 1809395, at *4 (D.N.J., Apr. 22, 2008) (declining to stay and abey petition with "several months" remaining). Because McPherson would have sufficient time to file another habeas petition in the future, he does not have good cause to file the instant petition without exhausting his state remedies. Because there is not good cause for failure to exhaust, it is unnecessary to consider the other two *Rhines* factors—whether his petition is potentially meritorious or whether he has engaged in intentionally dilatory litigation tactics. The undersigned **FINDS** that a stay and abeyance would be inappropriate, and

McPherson's petition should be dismissed without prejudice. McPherson can and should *immediately* file his petition in state court; this will toll the limitations period, ensuring that the opportunity to file a federal petition will not vanish until after he has exhausted state court remedies.

## IV.  Proposal and Recommendations

For the reasons set forth above, the undersigned respectfully **PROPOSES** that the presiding District Judge accept and adopt the findings proposed herein and **RECOMMENDS** that McPherson's Petition for Writ of Habeas Corpus and Motion to Waive State Court Proceedings, (ECF Nos. 2, 3), be **DENIED**; Respondent's Motion for Judgment on the Pleadings and Supplemental Motion to Dismiss, (ECF No. 6, 9), be **GRANTED**; and that this civil action be **DISMISSED,** without prejudice, and removed from the docket of this Court. The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*,

474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Faber, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Petitioner and counsel of record.

**FILED**: May 9, 2023

_____
Cheryl A. Eifert
United States Magistrate Judge